## STATE v. RUNNALS.*

Although it is competent, upon an indictment, when the respondent is not guilty of the offence as charged, for the jury to find him guilty of some minor offence which is necessarily included in the offence as charged, yet this power is not conferred upon magistrates or police courts.

The charge as made in the complaint and warrant, determines whether the magistrate can try and determine the case, or whether he can only hear the evidence and determine whether he will bind over, or discharge the respondent.

If the offence *charged* in the complaint and warrant is one that may be punishable

---

* This decision is in direct conflict with the principle of *State* v. *Towle*, 48 N. H. 97, *as reported.* That opinion, however, never received the sanction of any member of the court, and the opinion of the whole court, in *State* v. *Towle*, actually read at term, was in harmony with the doctrine of *State* v. *Runnals.* The error arose in this way: The " cases," under the practice of our court, are assigned for special examination and consideration to one or more of its members, who make full report at consultation. Not unfrequently, the same judge prepares two or three elaborate written opinions, in the same case, for that purpose, differing sometimes in reasoning, sometimes in results and sometimes in both. In *State* v. *Towle*, the judge who delivered the opinion, had drawn up two opinions. By some oversight, the wrong one was sent to my predecessor. And see *State* v. *Dolby, ante* page 483.

REPORTER.

by a fine of more than twenty dollars, or imprisonment in jail for more than six months, the magistrate has no power to *determine* it, but must either *bind over or discharge.*"

In such cases he should not *acquit*, because he has no power to do so; for when he cannot convict and pass sentence, he has not the power to acquit.

The charge of assault and battery, is made a special exception by statute, and in that class of cases, the magistrate may acquit, or may convict and pass sentence within certain limits, or he may bind over, if, in his judgment, the punishment should exceed his jurisdiction to inflict.

In all criminal cases, where magistrates or police courts have jurisdiction, the supreme court has now also original concurrent jurisdiction.

A complaint which charges the respondent with breaking and entering a dwelling-house, and making an assault and battery upon its owner, cannot be amended by striking out the charge for breaking and entering, thus leaving it a complaint for a simple assault and battery.

Appeal from police court.   The facts will appear in the opinion.

*Hall*, solicitor, for state.

*C. K. Sanborn*, for respondent.

SARGENT, J.   This is an appeal from the police court of Farmington.   The respondent was brought before that court, upon complaint and warrant, and the complaint alleged that the respondent at "New Durham, on the 14th day of November 1869, at about the hour of seven in the evening of the same day, the dwelling house of the said Elihu Hayes, there situate, feloniously and wilfully did break and enter, and make an assault upon the said Elihu Hayes, and him, the said Hayes, the said Jonas Runnals did then and there beat, bruise, and ill-treat, and other wrongs to the said Elihu Hayes, then and there did, contrary to the statute" &c.   The complaint further alleged that certain persons therein named, with force and arms, feloniously were present, aiding, abetting and assisting the said Runnals, the assault and battery aforesaid to commit, contrary, &c.

The police court found, that said Jonas Runnals, " is guilty as in said complaint is alleged"and sentenced him to pay a fine of ten dollars and costs, from which judgment the said Runnals appealed to this court, at its trial term, where he moved to dismiss the proceedings, on the ground, that the offence charged could be porsecuted only by indictment.

This motion was denied, and defendant excepted.   The state then moved to amend the complaint, by striking out the allegation of entry into Hayes' house, and also the allegation that others were present aiding and abetting.   The court allowed the amendment, and defendant excepted.

It is well settled in this state, that upon indictment, where a minor offence is included in a greater, the defendant may be acquitted of

the latter and convicted of the former. Even under an indictment for a capital offence, the respondent may be convicted of a misdemeanor only. The jury on the trial may find a verdict on so much as is proved, rejecting that part which is not sustained by the evidence, if enough is proved to constitute a legal offence, of a kind necessarily included in the higher charge, or one clearly charged in connection therewith, as in this case. *State* v. *Webster*, 39 N. H. 96, and cases cited.

In this case, there can be no doubt, that if the respondent had been bound over by the magistrate, and an indictment had been found by the grand jury, embracing the same charge, contained in this complaint, the jury on trial, might have convicted of the assault, while they acquitted of the burglary.

And the question here raised is, can a magistrate, who in the exercise of the duties of his office, combines the functions of both judge and jury, do the same thing? When, as in this case, the higher offence includes the lesser or minor, and the higher offence is if proved beyond the jurisdiction of the magistrate, so that he cannot pass sentence but could only bind over, while if the higher charge be rejected or be not supported by the evidence, and the minor offence is fully proved, and if standing alone would be clearly within the jurisdiction of the magistrate to determine fully, can the magistrate pass final sentence on the respondent for the minor offence which is proved, and ignore the the other portion of the complaint, which he thinks fails upon the evidence?

That is what the police court attempted to do in this case. Can its action be sustained?

In considering this question, we may assume that the jurisdiction of police court is the same, and only the same, as that of justices of the peace. General Statutes, ch. 196, secs. 5 and 11, Id. ch. 234 sec. 8. We may also assume, what is admitted by the state in argument, that the charge in this complaint as originally drawn, is beyond the jurisdiction of the magistrate to finally determine upon its merits. With these facts assumed, an examination of the statute, will indicate the proper answer.

Gen. Stat. ch. 234, sec. 4, provides that "every justice of the peace may hear and determine any prosecution or action of a criminal nature, arising within his county or triable therein, when the punishment is by fine not exceeding twenty dollars, or by imprisonment not exceeding six months, or both;" and by sec. 5, "any justice may cause to be apprehended and committed to jail, or bound over with sufficient sureties to the supreme court, all persons charged with offences committed or triable in the county exceeding his jurisdiction to try."

Where the punishment of the offence as charges, may be more than twenty dollars, as the imprisonment may be more than six months, the justice has no power to try and determine, but may only cause to be arrested and bound over in cases which exceed his jurisdiction to try and determine. That is, the justice is not au-

thorized to try or determine those cases.   He cannot pass any judgment or sentence either of conviction or acquittal in those cases ; he is not authorized to hear the cause with any view to the ultimate decision, which he may not render ; but only so far as to decide, whether the respondent ought to be held to answer further, if so, to commit or bind over, otherwise to *discharge,* not to acquit.

Because if the justice cannot convict and sentence he cannot acquit ; where he has no jurisdiction to do the one, to convict, he cannot have to do the other, to acquit, and the statute is that where the • persons are *charged* with offences beyond his jurisdiction, to try and determine, he can only bind over or commit or discharge, so that it matters not how many complaints may have been made and returned before a magistrate, if the offence *charged,* was one which he was not empowered to hear and determine, nor does it matter what the reason may have been, before the magistrate, whether the respondent was bound over or discharged in each or all of them.   ·He cannot afterwards, plead a former *conviction* or *acquittal,* based upon the action of the justice in in such cases, because the justice had no jurisdiction to convict or acquit, he had no jurisdiction to hear, to try or to determine the cause either way upon its merits, and the fact that a respondent had been brought before a magistrate ten times for the same offence and had been discharged every time, would be no defence and could not be pleaded in bar to any future complaint or indictment charging the same offence, because he has not been *acquitted,* but simply *discharged* from arrest on the complaint, which is no more an acquittal, than a binding over or a committal to await the sitting of the grand jury is a conviction.

Wherever, then, an offence is *charged,* which is beyond the jurisdiction of the justice to try and determine, he must bind over or discharge, and he cannot undertake to decide that respondent is not guilty of the whole charge, but is of a part of it, of the minor offence which is included in or made a part of the higher offence.

When he assumes to deceide, that the respondent is not guilty of the whole offence charged, as he must do before he can try and determine the minor or lesser one, he goes beyond his power, he transcends his jurisdiction, for he can no more find that the respondent is *not guilty* of the whole offence charged than he can find that he *is guilty,* which he cannot do :  See also Gen. Stat. ch. 242, sec. 1.

Whenever therefore the offence charged is one where the punishment may exceed twenty dollars fine or six months imprisonment in jail the case is one which the justice cannot determine and should simply inquire and settle whether upon such evidence as is laid before him, he ought to hold the respondent to answer farther or discharge him, and when he has settled that question he has gone to the utmost limit of his authority, he has no power or right to consider or undertake to settle the question whether the respondent is guilty or not guilty of the whole or any part of the charge made in the complaint.   In *State* v. *Hodgkins,* 42 N. H. 474 ; these doctrines are established.

It is there held that a discharge or acquittal, when there is no final

jurisdiction over the offence, is no bar to a subsequent indictment for the same cause, and that the essence of the plea of *autrefois acquit* is, that the respondent has been acquitted not only in due form but by a court of competent jurisdiction to make a final disposition of the case. And that unless it appear affirmatively, that a former trial was decided on the merits, the plea of a former acquittal is *bad*.

To the above general rules, there is one exception created by statute, viz., the case of an assault and battery, in which it is provided, Geenl. Stats. ch. 264, sec. 20, that "if any person shall assault or beat another or in any way break the peace, upon conviction thereof before any justice, he shall be fined not exceeding ten dollars, or imprisoned not exceeding thirty days," &c., and by sec. 21, that, "if such offence be of an aggravated nature the justice may order such offender to recognize, with sufficient sureties to appear at the trial term of the supreme court" &c., when he may be fined " not exceeding two hundred dollars and imprisoned not exceeding six months," &c.

In cases of assault and battery, then, the justice of the peace or police court, may hear and determine or may bind over, he may acquit or convict and pass sentence within the prescribed limits, or he may, if the case be aggravated, bind over.

It was formerly held, that the court of common pleas had not original jurisdiction in any case of assault and battery, *State* v. *Taylor*, 16 N. H. 477; *State* v. *Stevens*, 36 N. H. 62; because by the statute that court had not original jurisdiction in such criminal cases, as were within the jurisdiction of justices of the peace. But the law is now different, and our supreme court has original jurisdiction " of all criminal cases and proceedings," with power to dismiss such cases as should have been prosecuted before a justice of the peace. Genel. Stats. ch. 234, sec. 1.

In this case, the offence charged is burglary, and the assault and battery is only charged as a circumstance in aggravation. *State* v. *Berritt*, 17 N. H. 268. Burglary is an offence, the punishment of which is such as places it beyond the jurisdiction of a justice of the peace, therefore he could only bind over or discharge. He could neither *acquit* or *convict*, and until he had *acquitted* of the burglary, he could not fine for the assault and battery.

I have not examined farther for authorities. The words of the statute seem very plainly to indicate the intention of the legislature, and to define the jurisdiction of the magistrate, and show very clearly that in this case, the police court undertook to determine a case by passing final sentence, when it had no jurisdiction to do so, but only had authority to bind over to a higher tribunal. The defendant's motion to dismiss the proceedings must prevail, unless the amendment can be properly allowed.

But it would seem evident, that such an amendment, which substitutes one offence for another, a mere misdemeanor for a felony, an amendment which would give the police court jurisdiction of the case, when it had none before, must be an amendment in matter of substance. It is no mere formal or verbal error or mistake. It is

not mere defect or want of form or addition.  Gen. Stat. ch. 242, sec. 13.  It is not merely an immaterial allegation which may be stricken out as surplusage.  *State* v. *Copp*, 15 N. H. 212 ; *State* v. *Bailey*, 31 N. H. 521.

Both exceptions are sustained.  The amendment must be disallowed and the whole proceeding must be

*Dismissed.*